UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL DIVISION

Richard Bowers, a Minnesota resident

       Plaintiff,                            Case No. 21-CV-02077-NEB-KMM

v.

Cigna Healthcare, Inc.                     **AMENDED COMPLAINT**

       Defendant.

Plaintiff Richard Bowers (herein "Plaintiff), for his Complaint against CIGNA Healthcare, Inc. (herein "Defendant") states and alleges as follows:

1.      Plaintiff is an individual and resident of the State of Minnesota, with a permanent address at 6125 175th St W, Farmington, MN 55024. Plaintiff resided at this address during the facts of this Complaint.

2.      Defendant is a Vermont Corporation with a registered office in Minnesota located at 100 S 5th St, #1075, Minneapolis, MN 55402, doing business in Minnesota.

3.      On or about January 2019, Plaintiff enrolled in COBRA health care coverage through CIGNA.

4.      At all times, Plaintiff made the necessary premium payments to maintain coverage with CIGNA.

5.      Plaintiff was enrolled in the COBRA coverage with CIGNA from on or about January 2019 through July 31, 2020.

6.      On or about October 7-8, 2019, Plaintiff underwent a kidney transplant in Minnesota as a result of having End Stage Renal Disease.

7.      From October 7, 2019 through July 31, 2020, Plaintiff underwent treatment related to the above kidney transplant in Minnesota.

8.      Defendant has denied coverage for the kidney transplant and all follow up treatment. Defendant claims that Plaintiff was eligible for Medicare, that Medicare would be the primary payor, and therefore Defendant would only cover what wouldn't be covered by Medicare if Medicare was the primary payor.

9.      Plaintiff appealed Defendant's decision with Defendant's internal appeals process. Plaintiff informed Defendant that federal law states that private health insurance, including COBRA coverage, is the primary payor on health care for End State Renal Disease and Medicare is a secondary payor.

10.      Defendant denied Plaintiff's appeal.

11.      As a result, treating facilities are requesting payment directly from Plaintiff, creating a large sum of debt.

12.      Plaintiff is unable to pay the high costs of the treatment and some of the bills for treatment have been sent to collections, damaging his credit.

**Count I: Breach of Contract**

13.      Plaintiff restates and re-alleges Paragraphs 1-12 as though fully set forth here.

14.      Plaintiff and Defendant entered into an insurance contract whereby Plaintiff would pay a premium in exchange for Defendant paying for all or portions of

Plaintiff's medical care, including health care related to a kidney transplant and after care related to that kidney transplant.

15.    Defendant's refusal to pay as the primary payor for the kidney transplant and the related care is a breach of that contract.

### Count II: Private Cause of Action, 42 U.S.C. § 1395y

16. Plaintiff restates and re-alleges Paragraphs 1-15 as though fully set forth here.

17. Defendant refused to be the primary payor for Plaintiff's End Stage Renal Disease treatment from on or about October 7, 2019 through July 31, 2020.

18. Under 42 U.S.C. § 1395y(b)(1)(C), group health plans are to be the primary payor of care related to End Stage Renal Disease for a period of thirty (30) months, starting from the day an individual became entitled to Medicare as a result of an End State Renal Disease diagnosis.

19. Under 42 CFR § 406.13, Plaintiff was entitled to Medicare on the first day of the month he had his transplant. In this case, Plaintiff's Medicare entitlement day started on October 1, 2019.

20. Therefore, Defendant was responsible to be the primary payor on Plaintiff's kidney transplant and all related care to his diagnosis of End Stage Renal Disease until April 2022, thirty (30) months after the initial date of entitlement, or until the Parties no longer had a binding insurance contract.

21. Here, the insurance contract between Plaintiff and Defendant ended on August 1, 2020.

22. Thus, Defendant was responsible to be the primary payor on all care related to Plaintiff's diagnosis of End Stage Renal Disease (herein "Plaintiff's Treatment") from October 1, 2019 through July 31, 2020.

23. Defendant's refusal to be the primary payor on Plaintiff's Treatment establishes the necessary elements for a private cause of action under 42 U.S.C. § 1395y.

**Damages**

24.　　As a direct and proximate results of Defendant's failure to pay for Plaintiff's health care related to a kidney transplant and a diagnosis of End Stage Renal Disease, Plaintiff was damaged in an amount totaling in excess of $500,000.00 (five hundred thousand dollars), the exact amount to be proven at trial.

**Relief**

WHEREFORE, Plaintiff requests judgment of this Court in favor of Plaintiff and against Defendant, as follows:

1.　　Awarding Plaintiff his damages in the amount reasonably believed to be in excess of $500,000.00, the exact amount of which shall be proven at the trial of this matter.

2.　　Awarding Plaintiff DOUBLE DAMAGES as per 42 U.S.C. § 1395y(b)(3)(A) in the amount reasonably believed to be in excess of $500,000.00, the exact amount of which shall be proven at the trial of this matter.

3.　　Ordering specific performance requiring Defendant to repair Plaintiff's credit reporting by sending appropriate documentation to all treating facilities, credit reporting agencies, and any and all other relevant entities.

4.   Awarding Plaintiff his reasonable disbursements, costs of investigation, and attorneys' fees incurred herein.

5.   For leave of the Court to further amend this Complaint to join additional parties and assert additional claims as the facts as discovered may merit.

6.   Awarding Plaintiffs such other and further relief as the Court deems just and equitable.

Dated:  September 28, 2021.                    By: /s/ Matt Little
                                                   Matt M. Little #396264
                                                   matt@alittlelawfirm.com
                                                   Attorney for Plaintiff
                                                   17523 Freeport Ct
                                                   Farmington, MN 55024
                                                   Phone: 952-288-9660